UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANDREW LAGASSE, individually and :
on behalf of all other persons similarly :
situated :
:
      v. : C.A. No. 11-445ML
:
FLEXTRONICS AMERICA, LLC :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Document No. 20). Plaintiff objects. (Document No. 22). A hearing was held on May 16, 2012. For the reasons discussed below, I recommend that Defendant's Motion to Dismiss be DENIED.

**Background**

On September 30, 2011, Plaintiff commenced this collective action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), seeking unpaid wages, including overtime pay, and liquidated damages from Defendant on his own behalf and on behalf of all others similarly situated. (Document No. 1). Defendant moved to dismiss Plaintiff's initial collective action Complaint. (Document No. 9). After hearing, Chief Judge Lisi granted the Motion to Dismiss but also granted Plaintiff leave to file an Amended Complaint. (Document No. 16).

On February 23, 2012, Plaintiff filed an Amended Complaint. (Document No. 18). Plaintiff alleges that he was formerly employed by Defendant as a Field Team Supervisor ("FTS") and that Defendant misclassified him and other FTSs as being exempt from the FLSA's overtime pay

requirements. Id. He further alleges that Defendant willfully failed to pay overtime to him and other FTSs as required by the FLSA. Id. Defendant again responded with a Motion to Dismiss. (Document No. 20). Defendant argues that Plaintiff's Amended Complaint is deficient because it fails to plead facts (1) "sufficient to suggest that [it] willfully violated the FLSA by classifying [Plaintiff] as exempt" or (2) showing "that his claims are appropriate for collective treatment in a manner consistent with the Supreme Court's recent decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011)." (Document No. 20-1 at p. 1). Thus, Defendant requests an Order dismissing Plaintiff's claims for collective relief under the FLSA and holding that his individual FLSA claim is subject to the two-year statute of limitations for non-willful violations. Id.

### A.  Dismissal Standard

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly,

550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010).

**B.    Willfulness**

Under the FLSA, the statute of limitations for non-willful violations is two years. 29 U.S.C. § 255(a). For willful violations of the FLSA, the statute of limitations (and potential damages) extends to three years. Id. The FLSA itself does not define the term "willful." However, in McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988), the Supreme Court defined willfulness under the FLSA to mean that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." See also Chao v. Hotel Oasis, Inc., 493 F.3d 26, 35 (1st Cir. 2007).

In this case, Plaintiff alleges that Defendant's "failure to pay the Plaintiff, and all FTS's, in compliance with the FLSA was willful." (Document No. 18, ¶ 89). Plaintiff also alleges several facts which he argues are supportive of a "plausible" claim of willfulness. Id., ¶¶ 75-88. For instance, Plaintiff alleges a failure to make, keep or preserve accurate records of hours worked; a manipulation of the "Kronos" timekeeping system to show only forty hours worked; the financial capacity to obtain competent legal advice regarding FLSA compliance; the existence of prior class or collective overtime pay claims; and the denial of a request for overtime pay made to a supervisor. Id. Thus, under Rule 12(b)(6), the issue is whether these allegations, taken as true and giving

Plaintiff the benefit of all reasonable inferences, are sufficient to state a plausible claim of a willful FLSA violation. See Sepulveda-Villarini, 628 F.3d at 30.

First, Defendant argues that Plaintiff's allegations regarding its recordkeeping practices "beg the question" because, even if true, they are completely consistent with an employer's good faith decision to classify an employee as exempt from the FLSA's overtime pay requirements. While Defendant's point has some facial validity, it chose to ignore Plaintiff's additional allegations regarding the "Kronos" system. In particular, Plaintiff alleges that he and other FTSs were required to record their hours worked in each store on the "Kronos" system and that Defendant "would often manipulate the hours [Plaintiff and] at least some FTS's recorded in the Kronos system so that system would show they worked forty (40) hours in a week when, in fact, they had worked in excess of forty (40)." Id. ¶¶ 79-82. Although a defendant can choose (often at its peril) to ignore allegations in making a Rule 12(b)(6) argument, I cannot ignore such allegations and must take them as true and construe them in Plaintiff's favor. Doing so, Plaintiff's allegations of manipulation of records of hours worked are not "completely consistent with an employer's good faith decision to classify an employee as exempt under the FLSA" as argued by Defendant regarding Plaintiff's other recordkeeping allegations. While Defendant is not obligated under the FLSA to keep detailed records of hours worked for exempt employees, keeping such records is not prohibited and thus the alleged manipulation of records to delete overtime hours worked supports at least a plausible willfulness claim.

Defendant also questions the sufficiency of Plaintiff's allegations regarding prior overtime pay litigation against it and his unsuccessful request to a superior for overtime pay. (Document No. 18, ¶¶ 85-88). At the hearing on Defendant's Motion to Dismiss Plaintiff's original Complaint,

Defendant's counsel identified "the kinds of things that need to be alleged to satisfy the willfulness standard even at the pleading stage" and, as examples, indicated that Plaintiff could allege, if it were true, that "he or other FTSs that he knew had gone to management and said, Hey, by the way, I don't think you're classifying us properly" or the existence of "alleged class actions in other jurisdictions that were resolved and then the company nonetheless ignored what was going on in the rest of the country." (Document No. 17 at pp. 8-9).

Plaintiff apparently took the cue and, in his Amended Complaint, now alleges that "[o]n at least one occasion [he] asked at least one of his superiors...about receiving overtime pay...and was told he was not entitled to it because he was a FTS." (Document No. 18, ¶ 88).[1] He also alleges that "[a]fter 2007, a group of [Defendant's] ATL's and Regional Managers[2] in California sued [Defendant] alleging they were not paid overtime as required by law" and that, "[i]n July 2009," an individual sued Defendant, "on behalf of herself and similarly situated FTS's," alleging failure to pay FTSs for overtime. Id., ¶¶ 85, 87. Plaintiff identifies the former case as Bignardi v. Flextronics and the latter as Graham v. Flextronics. Id.

As to the prior litigation, Defendant contends that Plaintiff does not provide sufficient detail about these lawsuits to shed light on the question of whether it willfully misclassified Plaintiff and other FTSs as exempt. Although more detail would, of course, be helpful in determining if Plaintiff has proven a willful violation, this case is at the pleading stage, and Plaintiff is not required to prove willfulness at this stage but only to state a plausible claim. Accepting Plaintiff's allegations as true,

---

[1] Without more detail as to the context of the request and the superior's level of authority, this allegation is not of itself probative of willfulness.

[2] Plaintiff alleges that ATLs and Regional Managers are superior to FTSs in Defendant's organization. Id., ¶ 86. Thus, a reasonable inference is that ATLs and Regional Managers have more authority and responsibility than FTSs and are more likely to be overtime-exempt positions.

the fact that Defendant has previously been sued for unpaid overtime by a group of FTSs, and by a group of managers superior to FTSs, is supportive of a plausible willfulness claim.

Taking the totality of Plaintiff's allegations as true and reading them in his favor, Plaintiff has sufficiently stated a plausible willfulness claim to withstand Defendant's Rule 12(b)(6) Motion. While Plaintiff may ultimately be unable to prove a willful violation (or withstand a Rule 56 challenge), the applicable standard at this stage is "plausibility" and not "likely success on the merits." See Sepulveda-Villarini, 628 F.3d at 30.

### C. Collective Action

Defendant next argues that Plaintiff has "failed to plead facts suggesting that his claims are appropriate for collective treatment in a manner consistent with the Supreme Court's recent decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011)." (Document No. 20-1, p. 1). Plaintiff disputes the applicability of Dukes to this case and counters that he has adequately pled an FLSA collective claim regarding whether or not Defendant properly classified its FTSs as overtime-exempt employees.

Regarding Dukes, I agree with Plaintiff that it is not directly applicable to FLSA collective actions. In Dukes, the Supreme Court held that, to satisfy the commonality requirement of Rule 23(a), Fed. R. Civ. P., putative class members' claims must "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." 131 S. Ct. at 2551. However, Dukes is distinguishable from this case in several material respects.

First, Dukes was decided in the context of a Rule 23 "opt-out" class action. This is an FLSA "opt-in" collective action brought under 29 U.S.C. § 216(b). "[T]he showing required for certification pursuant to Rule 23 of numerosity, commonality, typicality, and adequacy of representation is more demanding than that required pursuant to the FLSA that collective-action plaintiffs are similarly situated." Doyon v. Rite Aid Corp., 279 F.R.D. 43, 48 (D. Me. 2011). Second, Dukes involved a Title VII claim of gender discrimination on behalf of a class of "about one and a half million" current and former female employees regarding discretionary pay and promotion decisions delegated to local store management – a claim which is dependent on evaluation of the particular reasons for each challenged pay and/or promotional decision. In contrast, the issue in most FLSA cases is whether an employer's pay policy, such as the decision to classify a particular group of employees as overtime-exempt, violates the law. See Creely v. HCR ManorCare, Inc., 2011 WL 3794142 at *1 (N.D. Ohio July 1, 2011) (holding Dukes inapplicable to FLSA collective action in part because "the FLSA claims...do not require an examination of the subjective intent behind millions of individual employment decisions; rather, the crux of this case is whether the company-wide policies, as implemented, violated Plaintiffs' statutory rights."). Finally, the due process concerns articulated by the Supreme Court in Dukes regarding the right to individualized relief are not present in an FLSA collective action since the "'opt in' procedure ensures that plaintiffs who wish to preserve their individual claims may readily do so." Id.

"The general practice of district courts within the First Circuit...has been to adopt a 'two-tiered' approach to certification of collective actions under the FLSA."[3] Johnson v. VCG Holding

---

[3] Defendant has not made a convincing showing that this Court should abandon the two-tiered approach. In fact, by letter dated May 23, 2012, Defendant's counsel brought the recent case of Adams v. Hy-Vee, Inc., C.A. No. 11-cv-00449-DW (W.D. Mo. May 22, 2012), to my attention for the proposition that Dukes was "illuminating" in the FLSA

Corp., 802 F. Supp. 2d 227, 233 (D. Me. 2011) (citation string omitted); see also Kun v. ML Restaurants, LLC, C.A. No. 09-397S (D.R.I. July 12, 2010 Order adopting Report and Recommendation); and Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242, 246-247 (D.R.I. 1999) (Lisi, D.J.). Under this approach, the Court first makes a preliminary determination that the named plaintiff is similarly situated to other members of the proposed class who should receive notice of the pending action. Poreda v. Boise Cascade, LLC, 532 F. Supp. 2d 234, 238-239 (D. Mass. 2008). The Court applies a "fairly lenient standard" because of the limited evidence at the "notice stage" of the case. Reeves, 77 F. Supp. 2d at 246. Once discovery is complete, the party opposing collective joinder may move to decertify, i.e., the second tier, and the Court makes a final, more exacting factual determination on the "similarly situated" issue. Id. at 247.

Plaintiff here has not yet moved for conditional certification of this case as an FLSA collective action. Rather, Defendant uses Rule 12(b)(6) to attack Plaintiff's allegation that he is "similarly situated" to other FTSs employed by Defendant. In his Amended Complaint, Plaintiff alleges that he and other FTSs were not paid by Defendant for overtime work in violation of the FLSA. (Document No. 18, ¶ 2). Plaintiff details his job duties as an FTS and alleges, "[o]n information and belief,[4] it was [Defendant's] policy to, and [Defendant] did, assign substantially the

---

collective action context. However, the Court in Adams found it "illuminating" in the context of applying the "two-step approach" to a motion for conditional class certification filed by plaintiff. Furthermore, another District Judge in that same court applying the "two-step approach" recently found a defendant's reliance on Dukes "unpersuasive" in the context of FLSA collective actions. See Chapman v. Hy-Vee, Inc., C.A. No. 10-cv-6128-HFS, 2012 WL 1067736 at *3 (W.D. Mo. March 29, 2012) (noting that "the Dukes ruling has not impacted rulings within this circuit since that time in cases where the plaintiffs seek conditional certification pursuant to 216(b)" of the FLSA). Also, the same law firm representing Defendant in this case represented the defendants in both the Adams and Chapman cases and counsel in this case was presumably aware of both rulings.

[4] During the May 16, 2012 hearing, I asked Plaintiff's counsel to describe the basis for his "information and belief" allegations and he responded as follows: "conversations this employee, our lead Plaintiff, had with his friends and co-workers who were also FTSs in Massachusetts and Rhode Island." See also Rule 11(b), Fed. R. Civ. P. (By signing and filing the Amended Complaint, Plaintiff's counsel has certified to the Court that "the factual contentions have

same duties and responsibilities to all the other FTS's it employed." Id., ¶¶ 34-36. Plaintiff also details the limits placed on his authority as an FTS and alleges, "[o]n information and belief, it was [Defendant's] policy to, and it did, impose substantially the same limits...on all the FTS's it employed." Id., ¶¶ 37-39.

Plaintiff has sufficiently alleged that he and other FTSs are similarly situated for purposes of an FLSA collective action to survive Defendant's Rule 12(b)(6) Motion. "When determining if persons are 'similarly situated,' such persons must be similarly situated with respect to their job requirements and with regard to their pay provisions; the positions need not be identical, only similar." Yeibyo v. E-Park of DC, Inc., C.A. No. DKC 2007-1919, 2008 WL 182502 at *7 (D. Md. Jan. 18, 2008); see also Pickering v. Lorillard Tobacco Co., Inc., No. 2:10-cv-633-WKW, 2011 WL 111730 at *2 (M.D. Ala. Jan. 13, 2011) ("the positions need not be identical, only similar" as to job requirements and pay provisions); Bogdon v. Newmont USA Ltd., No. 3:11-cv-00317-LDG, 2011 WL 6253151 at *3 (D. Nev. Dec. 2, 2011) (denying Rule 12(b)(6) motion where plaintiff alleged sufficient facts to "plausibly infer" he was similarly situated with proposed collective action members but leaving further factual scrutiny to the conditional certification phase); and Sanchez v. Haltz Constr., Inc., No. 09 C 7531, 2012 WL 13514 at *4 (N.D. Ill. Jan. 4, 2012) (same). Plaintiff has sufficiently alleged facts which plausibly support his claim that he and other FTSs were similarly situated with respect to their job duties and manner of pay and were victims of a common policy to misclassify them as overtime-exempt employees.

---

evidentiary support" "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances."). The Court also notes that Plaintiff's counsel represents other FTSs who were employed by Defendant in Rhode Island, Massachusetts and Connecticut in federal FLSA cases alleging failure to pay overtime. See Gerundio and Davidson v. Flextronics, Case No. 1:11-cv-11834-RWZ (D. Mass. Filed October 17, 2011) (alleging proposed FLSA collective action); and Wells v. Flextronics, Case No. 1:11-cv-00648-ML (D.R.I. Filed December 22, 2011) (alleging individual FLSA and state law claims).

**CONCLUSION**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Document No. 20) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 1, 2012